MOORE, Judge,
concurring in the result.
Section 12-15-110(a), Ala.Code 1975, gives juvenile courts the power to punish a person for contempt of court “for disobeying an order of the juvenile court or for obstructing or interfering with the proceedings of the juvenile court or the enforcement of its orders.” Section 12-15-110(a) does not specify that those orders must be in writing in order to form a basis for a finding of contempt. Rule 70A, Ala. R. Civ. P., also does not state that a court can cite a person for contempt based only upon willful disobedience to a written order. Section 12-15-110(a) and Rule 70A seem to be in conflict with Rule 58, Ala. R. Civ. P., which requires all orders to be in writing in order to be effective. However, I see no need to resolve that conflict because I believe the case can be decided on other grounds.
The oral directive of the Madison Juvenile Court in this case specifically required personnel of the Madison County Department of Human Resources (“DHR”) to meet with the other interested parties on August 17, 2012, in order to formulate a plan to obtain inpatient drug treatment for *492 C.C. DHR and its representatives fully complied with that directive by holding an Individualized Service Plan (“ISP”) meeting concerning C.C. and agreeing at that meeting to pursue inpatient drug treatment for C.C. at Bradford Health Services (“Bradford”) or The Bridge. The record contains no evidence indicating that DHR or Tyron Newton, DHR’s assistant director, willfully and contumaciously disobeyed the oral command of the juvenile court as contained in the transcript of the August 16, 2012, hearing.
The juvenile court did not specifically order that DHR place C.C. in any particular facility or advise that such placement must take place within any particular time frame. In fact, at the August 16, 2012, hearing, the juvenile court indicated that it would allow placement only with its prior approval. Cf. In re The Matter of Morris, 491 So.2d 244 (Ala.Civ.App.1986) (holding that separation-of-powers provisions of the Alabama Constitution of 1901 preclude a juvenile court from directing child-welfare agency as to how to exercise its discretion in selecting treatment plan and provider for child in need of supervision in absence of evidence indicating that agency abused or neglected its responsibilities). DHR ultimately arranged for C.C. to obtain inpatient drug treatment at The Bridge beginning on August 28, 2012, 11 days after the ISP meeting. The evidence indicates that C.C. could have been admitted into Bradford on August 21, 2012, seven days earlier, at a cost to DHR of approximately $6,000, but that he would not have received treatment as long or as comprehensive as that provided by The Bridge, which accepts Medicaid. Nothing in the record indicates that the choice of facility or the seven-day delay violated the letter, or even the spirit, of the juvenile court’s oral directives on August 16, 2012.
DHR and Newton did not argue before the juvenile court that the August 16, 2012, order lacked “reasonable specificity,” see Ex parte Ferguson, 819 So.2d 626, 629 (AIa.2001) (holding that person cannot be held in contempt for violating court order that is not reasonably specific so as to inform person of conduct prohibited or required), thus waiving that issue. See S.K. v. Madison Cnty. Dep’t of Human Res., 990 So.2d 887, 895 (Ala.Civ.App.2008) (“This court cannot consider arguments, raised for the first time on appeal. Our review is restricted to the evidence and the arguments considered by the trial court.”). However, the juvenile court entered detailed findings of fact setting out the actions of DHR and Newton that it considered to be contemptuous violations of its August 16, 2012, order. Pursuant to Rule 52(b), Ala. R. Civ. P., DHR and Newton did not have to file a postjudgment motion in order to preserve for appellate review the issue whether sufficient evidence supported the contempt findings. The evidence in the record does not support a finding that DHR or Newton committed any conduct in breach of the oral commands of the juvenile court. Thus, I concur that the judgment is due to be reversed.
THOMAS, J., concurs.